United States versus Alpine Securities. We'll hear that now. Thank you very much. I understand that ordinarily there's no time that can be reserved for rebuttal, but I would ask for an opportunity to respond afterwards. The request is denied. May it please the Court, Miranda Fritz, appearing on behalf of Alpine Securities. We're here today to ask this Court to issue a stay of the District Court judgment so that Alpine can continue its operations while this Court considers what are at least three substantial issues on appeal, all of them matters of first impression. We've established that each of the relevant factors supports issuance of the stay. On the issue, for example, of likelihood of success on the merits, the SEC has not even tried to refute that, basically saying it's irrelevant. With respect to the other issues, the other factors, the SEC has not pushed back in terms of whether those factors are satisfied. In fact, the SEC has reiterated that it's not actually opposing issuance of the stay. distribution of profits from the firm. And I just want to take a minute to address that. It's our position that that condition is, first of all, unnecessary. All distributions of profits from a broker dealer in this very highly regulated industry are controlled by FINRA. So in any instance where the firm seeks to distribute a sizable distribution, FINRA has to approve it. So we've suggested that that requirement is redundant. But we've also suggested that it's problematic. This firm, over the last few years, has gone through an incredibly difficult time. When you say the condition, that this condition constraining profit distribution is also problematic, the firm has gone through incredibly difficult times, so much so that within the last two years it has required capital infusions in order just to continue operating to the point where we are today. If a limitation is imposed with respect to distributions, it's going to severely limit the firm's ability to obtain any capital infusion to the extent that it would need that during the course of this appeal. In addition, the language that the SEC is requesting for that condition, I would argue, is overbroad. In fact, it would even prevent Alpine from paying its rent, since the SEC views its landlord as being an affiliate. So for all of those reasons, we've asked that the court not impose that condition. But to the extent that the court is considering imposition of a condition or seeks otherwise to address the concerns raised by the SEC, what we've asked for is that the court expedite the appeal. So where we are right now is the SEC continues to ask for a condition that would limit and impede the operations of the firm while it is opposing expediting the appeal. There is one last issue that has arisen, and it really ---- Roberts, if we agreed with you and we wanted to expedite hypothetically at this point because we haven't decided anything, would you have discussed with your adversary that possibility, just sort of hypothesizing what the time frame would be for hearing the appeal? I've certainly raised it a number of times, but the response has been quite adamant. They oppose expediting the appeal. I could certainly ---- What would your time frame be? I'll go with the 35 days. Obviously, the holidays makes it challenging. But we would certainly ask that the appeal be expedited again. Well, there are two ways to expedite appeals. One is to tack them on to the next, to a case that is not ---- after the cases that are currently assigned, and then it would be a case that wouldn't bump any cases that are already assigned, or we can bump cases. And if it's really an emergency, we can bump cases. But normally, cases are signed out for several, six weeks or something of that sort, maybe even longer. So that would be the consideration. But that's something that's really administrative on our part. Right. We're asking for expediting of the appeal for two reasons. Number one, because this request for a condition has been made, but also because by virtue of these proceedings, again, the firm has been in an increasingly perilous position while this proceeding has continued. We are so anxious, eager to present the substantive issues to the court so that these issues regarding jurisdiction, regarding the APA, can be resolved. And so that's our request for expediting. There is one other issue that arose really within the last week, and that is initially, I had not asked for a stay of the injunctive relief in the judgment. It's an obey the law injunction that was included by the district court in the judgment. And so we had not sought to stay that. We're perfectly happy to be subject to an obey the law injunction until last Thursday, when FINRA suddenly presented us with an argument that an obey the law injunction renders us subject to statutory disqualification. That's an issue that had never been raised before. I can find no instance in which they've taken that position. But based on that communication, what we're ultimately asking for is that the court issue a stay of the judgment in its entirety and any action by regulators, FINRA, NSCC, SEC, SIPC, predicated on the jurisdiction. The jurisdiction issue, I guess, is whether the Bank Secrecy Act can be enforced by the SEC. Yes. And are there any other, is there any other litigation out there on this issue? No, we've not been able to find any. This court seems to be where the issue is going to be determined. Thank you. I guess the only question I have, though, is if we do grant a stay, I don't know if you're looking for particular language in light of what you were just saying about the recent events, and we may, if we grant the motion, I suppose, we can ask you to talk to each other about agreeing on some language. Absolutely. Okay. And maybe submit something that would, in a letter to us, that would indicate that. Absolutely. And thank you. Thank you very much. The other side. Good morning, Your Honors. May it please the Court. Rachel McKenzie for the Securities and Exchange Commission. I just want to start by clarifying what's actually before this Court. The only motion before the Court is for a stay of the monetary judgment, not a motion for a stay of the injunction, and not a motion to expedite this appeal. In its vastly over-length brief, Alpine did not spend a single word on either the injunction or expedition, and indeed, in its reply brief. It looks to me like they've addressed the question of what about distributions and what the monetary penalties would do to the company in the meantime. So I think it's relevant. All these points that are made by your adversary are relevant, right? Sure, Your Honor. And I do want to first address the primary issue here, which is the stay of the monetary judgment. As my adversary said, we're not opposed to a stay of the monetary judgment. All we're looking for is conditions to protect against dissipation of assets, which actually my adversary never, in all the papers it has filed, has said Alpine is not actually looking to do. I understand they have issues with our proposal to stay capital distributions to owners and affiliates, and I would emphasize that the reason why we're looking for that protection is, notwithstanding Alpine's ---- Why isn't it sufficient that it's subject to FINRA's approval? Because FINRA, whatever criteria FINRA have for deciding whether to approve a capital distribution, they're not taking account of the Commission's judgment in this case. So the fact that we are a judgment creditor with a $12 million judgment doesn't factor into whether they would approve the capital distribution or not. But also note that FINRA's approval requirement only goes to distributions that are 10% of net capital. So the possibility of a slow bleed would still be there, even notwithstanding FINRA's approval. But we've indicated to our opposing counsel that we're not averse to working out a way to protect against our interest against this constant bleed of assets back to owners and affiliates. All we're looking for is to stop what's been going on recently, which is about 3.75 million have gone out the door to owners and affiliates just this year, $7 million since this enforcement action began. We've proposed doing carve outs for regular expenditures such as rental payments. And in terms of protecting the ability to receive capital, I understand they want to receive capital infusions and then be able to potentially return them. All we really want is visibility into that. We want to know what's going on and have the ability to approve that. Because again, we're here on books and records violations. We're here in a situation where FINRA has lodged serious allegations against Alpine about its representations about its financial condition. This is just not a situation where we can live with trust without the ability to verify, and that's ultimately what we're looking for here. On the question of- Do you have a proposal in mind, assuming we grant the stay, in terms of what we would say, so that they could release the money that's absolutely necessary for the existence of the company? I think we could work out language on that, Your Honor. I think it would be something to the effect of an injunction against a stay of capital distributions, maybe even just without prior notification to the commission and the ability to object. Sounds to me like at least there's a possibility that this could be worked out between you. I think that that's probably right, Your Honor. Usually you do that before you come in. Well, right, and usually we would do that in district court, which again, is an issue that hasn't been touched on here. But there's actually no reason why Alpine should have come here first. There was a 30-day automatic stay in place. It absolutely could have gone to district court. Judge Coate has ruled expeditiously numerous times in this case. Could have addressed it. And I would note district court is the proper place for these things to go on, precisely because there are complicated questions about Alpine's finances. Can they do a bond? What are the appropriate conditions? What is your objection to expediting the appeal? Our objection to expediting the appeal fundamentally, Your Honor, is that it doesn't address our concern. All expediting the appeal would do is set a deadline on Alpine's dissipation of assets. And I would note that Alpine has not identified an actual emergency that would warrant expediting this case or departing from the regular process. Roberts, would there be a problem with our granting a stay and then issuing what we call a Jacobson remand to the district court for purposes of which keeps the case with us, it doesn't deprive us of jurisdiction, but allows the district court to take certain specified actions within limits that we would set in terms of, in effect, deciding on the boundaries of the injunctive. I think that that would be fine, Your Honor, with respect to a stay of the monetary judgment. Again, Alpine has not only – has first forfeited and then affirmatively waived a request for a stay of the injunction. And I do want to touch on that really briefly with the Court's indulgence. What they're raising with respect to FINRA is actually not unknown. We said in our opposition that there is a possibility of follow-on proceedings based on the injunctive relief. And the response in Alpine's reply was, but we're not seeking a stay of the injunction. And I would emphasize that the pro- Roberts, I think they want to raise the jurisdictional issue, whether the SEC has jurisdiction to administer this particular provision. And that is an issue that's been around for a while. We've seen prior motions in this case and so forth. And that, it seems to me, is something that deserves attention. I mean, you know, there's not – their position – you can't say their position is frivolous because there's no precedent. No, absolutely, Your Honor. And we've been very clear in all of our papers going back to last year when we were in front of this Court twice, and in this motion, we are not seeking to prevent Alpine from litigating this appeal. We want them to be able to litigate this appeal. We want the Court to ultimately address the merits. The point is that there's no need to stay the injunction in this case to do that. And the fundamental reason is because there is a process for everything. The last time FINRA suggested to Alpine that it was going to seek disqualification, Alpine came to the commission and said, we need to stay that. And the commission agreed. The answer to Alpine's concerns about what happens in those separate regulatory proceedings are to be addressed in those regulatory proceedings, not by staying the district court's injunction, which Alpine has never argued would be a valid recourse here. With respect to expediting the appeal, Judge Chin asked you what your objection was, and you, I don't think you really answered it. You said it wouldn't, it wouldn't give you the peace that you're seeking. But do you have an objection to an expedited appeal? We do, Your Honor. Why? We think the issues raised here are serious enough that they warrant thorough briefing, and ultimately, especially if there's a stay. I don't think the decision to give an expedited appeal means give us less than thorough briefing. It just means do it faster. But this is not a new issue. This has been kicking around for a while. That's correct, Your Honor. And if Alpine were to actually file a motion to expedite so that we could respond and take into account their actual, an actual argument and respond to it, we might be able to reach some sort of agreement. Again, my adversary noted that the holidays are coming up, so that's something that would have to factor in. But again, there's no motion on the table to expedite, and we haven't been given an opportunity to respond. But we don't need a motion on the table to order an expedited appeal, right? Fair enough, Your Honor. Thank you. Thank you. No reserved decisions.